Joe Bottomly
Amy Eddy
BOTTOMLY & EDDY Trial Attorneys, pllp
1230 Whitefish Stage Road, Suite 100
Kalispell, MT 5990
Phone: (406) 752-3303
Fax: (406) 755-6398
Email: belawyers@belawyers.com



*Attorneys for Plaintiffs*

MONTANA ELEVENTH JUDICIAL DISTRICT COURT
FLATHEAD COUNTY

| STEFANIE CRAMER, | Cause No. DV-10-858B |
|---|---|
| *Plaintiffs*, | Honorable KATHERINE R. CURTIS |
| vs. | |
| JOHN ALDEN LIFE INSURANCE COMPANY d/b/a ASSURANT HEALTH, INGENIX, INC., AND JOHN DOES 1-5, | COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT |
| *Defendants*. | |

## I.   JURISDICTION AND VENUE

1. At all times relevant hereto, Plaintiff Stefanie Cramer has been a resident of Flathead County, MT;

2. Defendant John Alden Life Insurance Company d/b/a Assurant Health is a foreign corporation doing business in Montana as a health insurer, which at all relevant times hereto provided health insurance coverage to Plaintiff;

3. Defendant Ingenix, Inc., is a foreign corporation doing business in Montana by administering the subrogation and recovery rights of Defendant John Alden Life Insurance Company d/b/a Assurant Health;

4. John Doe Defendants are other business entities, individuals, insurers, employee benefit plans or other legal entities which are or may be responsible for the damage suffered by Plaintiff;

5. This Court properly has jurisdiction over the parties and claims;

6. Venue is appropriate in Flathead County. The Plaintiff is a resident of Flathead County, and the conduct complained of occurred in Flathead County.

## II. ALLEGATIONS COMMON TO ALL COUNTS

7. Stefanie Cramer was involved in an auto accident on December 4, 2009, when an oncoming driver, Francisco Gonzales, crossed the centerline and crashed into the vehicle Stefanie Cramer was a passenger in. Stefanie sustained significant injuries as a result of this collision.

8. Francisco Gonzales, who died in the collision, had $100,000 in auto liability insurance coverage with Great Northwest Insurance Co. Stefanie has settled her claim against Francisco Gonzales for the policy limits of $100,000.

9. Stefanie had an additional $100,000 in underinsured motorists coverage with Farmers. Stefanie has settled her UIM claim against Farmers for the policy limits of $100,000.

10. Stefanie had $5,000 in medical payment coverage with Farmers, which was paid directly to medical providers.

11. At the time of the accident Stefanie had a contract of health insurance with Blue Cross Blue Shield of Michigan through the GM Salaried Health Care Program as a dependent of William Cramer, a GM retiree. This coverage remained in effect through December 31, 2009.

12. From January 1, 2010, to the present, Stefanie has had health insurance with Defendant John Alden Life Insurance Company d/b/a Assurant Health.

13. Defendant John Alden Life Insurance Company d/b/a Assurant Health has paid accident related medical expenses on Stefanie's behalf.

14. The Defendants have filed a $1,900.92 lien against the above recoveries pursuant to recovery provisions contained in the plan documents.

15. The recovery provision language contained in the plan documents specifically states that Defendant John Alden Life Insurance Company d/b/a Assurant Health "right of subrogation may not be enforced until [Stefanie Cramer has] been fully compensated for her injuries."

16. Stefanie Cramer has not been fully compensated for her injuries or otherwise made whole, including compensation for past and future medical expenses, past and future wage loss or earning capacity, pain and suffering, emotional distress, loss of established course of life, loss of household services, attorneys' fees and litigation costs.

17. Accordingly, Defendant John Alden Life Insurance Company d/b/a Assurant Health has no subrogation rights or other authority to assert the $1,900.02 lien.

18. The Defendants were told multiple times and provided facts indicating they had no subrogation rights in this case. The Defendants had actual knowledge, or upon a reasonable investigation, should have known that they had no right to assert a subrogation claim in this case.

19. Despite repeated requests to remove the subrogation lien from this case, Defendants have refused to do so and have deliberately continued to claim such a lien.

20. Such conduct constitutes breach of contract, constructive fraud, and violation of Montana's Uniform Trade Practices Act.

21. Such conducted was done with sufficient culpability to warrant punitive damages.

22. Such conduct has caused special and general damage to Stefanie Cramer.

WHEREFORE, Plaintiff prays as follows:

1. For all damages to which Plaintiff is entitled;

2. A declaration from the Court that the Defendants are not entitled to subrogation as a matter of law;

3. Attorneys Fees;

4. Costs;

5. All other such relief as the Court may find just in law or equity.

DONE and DATED this 16th day of June, 2010.

BOTTOMLY & EDDY Trial Attorneys, pllp

_____
Joe Bottomly/Amy Eddy
*Attorneys for Plaintiffs*