IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

STEFANIE CRAMER,

                 Plaintiff,

         vs.

JOHN ALDEN LIFE INSURANCE
COMPANY, d/b/a ASSURANT
HEALTH, INGENIX, INC., and
JOHN DOES 1-5,

                 Defendants.

CV 10-77-M-DWM-JCL

ORDER, and
FINDINGS & RECOMMENDATION
OF UNITED STATES
MAGISTRATE JUDGE

_____

## I.    BACKGROUND

On December 4, 2009, Plaintiff Stefanie Cramer was involved in a motor vehicle collision in which she sustained injuries. As compensation for her injuries, Cramer recovered $100,000 from an applicable motor vehicle liability insurance policy, and $100,000 in underinsured motorist coverage from her own motor vehicle insurance carrier. Cramer's carrier also paid $5,000 in medical coverage.

1

At the time of the collision Cramer had health insurance coverage with Blue Cross Blue Shield of Michigan that remained in force through December 31, 2009. Beginning January 1, 2010, and continuing to the present, Cramer has had health insurance coverage provided by Defendant John Alden Life Insurance d/b/a Assurant Health (John Alden).  John Alden has paid medical expenses incurred by Cramer from the collision.

This action arises from Defendant Ingenix, Inc.'s conduct in asserting, on behalf of John Alden, a right of subrogation in the amount of $1,900.92 against the insurance proceeds recovered by Cramer from the other referenced insurers. Ingenix, Inc. administers John Alden's subrogation and recovery rights relative to the health insurance coverage John Alden provided to Cramer.

Cramer filed this action challenging the legality of Defendants' conduct in asserting a right of subrogation.[1]  Cramer alleges that because she has not been fully compensated for her injuries, John Alden is precluded from enforcing its right of subrogation under the subject policy.

---

[1] Cramer alleges a lien was filed by the Defendants against the proceeds. Defendants dispute that a lien was "filed."  Rather, Defendants assert the substance of the parties' dispute manifested only in a series of letters exchanged between the parties in which they disputed Defendants' asserted right of subrogation.

Cramer initially filed her Complaint in June 2010 in the Montana Eleventh Judicial District Court, Flathead County, advancing claims under Montana law for breach of contract, constructive fraud, violation of Montana's Unfair Trade Practices Act, and seeking declaratory relief as to the parties' rights and obligations under the John Alden policy.  On July 15, 2010, Ingenix, Inc. and John Alden removed the case to this Court invoking federal question jurisdiction under 28 U.S.C. § 1331.  The Defendants maintain the John Alden policy is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq.

Ingenix, Inc. and John Alden now move to dismiss Cramer's Complaint on various grounds under authority of Fed. R. Civ. P. 12(b)(1) and (6).  First, Defendants assert there is no case or controversy over which the Court can exercise jurisdiction because they had relinquished any right of subrogation with respect to the insurance proceeds, thus rendering Cramer's claims moot.  Second, Defendants argue Cramer's Complaint should be dismissed on the ground that all of Cramer's state law claims are preempted by ERISA.  Finally, and in the alternative, Defendants argue Cramer's claim of constructive fraud fails to state a claim on which relief can be granted.

For the reasons discussed, the Court concludes Cramer's claims are preempted by ERISA, and Defendants' motion to dismiss should be granted. Cramer, however, will be afforded an opportunity to amend her pleading to restate and recharacterize her claims under the civil enforcement provisions of ERISA.

## II. DISCUSSION

A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). "[D]ismissal without leave to amend[, however,] is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1196 (9th Cir. 1998) (quoting *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)). In this regard, where a pleading expressly advances only state law claims that are completely preempted by ERISA, the pleading should not be dismissed without first considering whether plaintiff could amend the pleading to properly state a claim for relief under ERISA. *See Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995).

ERISA broadly preempts any and all state laws that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). Thus, ERISA bars all claims founded in state law relating to benefits arising under an ERISA employee benefit plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987). Further, a cause of action advanced under state law is preempted by ERISA "if it has a 'connection with' or a 'reference to' an ERISA-governed benefit plan." *Wise v. Verizon Communications, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (quoting *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)). State law claims that are preempted by ERISA are subject to dismissal. *Wise*, 600 F.3d at 1191.

Cramer acknowledges that because the health insurance policy provided by John Alden is governed by ERISA, her state law claims are indeed preempted and properly dismissed. She argues, however, that she must be afforded the opportunity to file an amended complaint to restate her claims under the civil enforcement provisions of ERISA. Cramer is obviously correct in view of *Crull*, supra, and the liberal amendment standards under Fed. R. Civ. P. 15(a).

## III.   CONCLUSION

Based upon Cramer's concession, Defendants' Motion to Dismiss should be granted and the state law claims advanced in her Complaint dismissed. But because Cramer will be permitted to file an amended complaint to state a claim for

5

relief under ERISA, Cramer's claims for declaratory relief are not moot. Therefore, Defendants' motion should be denied in all other respects.

IT IS HEREBY ORDERED Cramer is granted leave to file an amended complaint, and shall do so on or before **September 3, 2010.**

DATED this 25th day of August, 2010.

      /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge