

FILED

FEB 0 4 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| STEFANIE CRAMER, on behalf of herself and all others similarly situated, | ) ) ) | CV 10-77-M-DWM-JCL |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| JOHN ALDEN LIFE INSURANCE COMPANY d/b/a ASSURANT HEALTH, and INGENIX, INC., | ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

Plaintiff Stefanie Cramer ("Cramer") brings this putative class action under the Employee Retirement Income Security Act, seeking damages for wrongful denial of benefits, breach of fiduciary duty, and declaratory relief. Defendants moved to dismiss arguing, among other things, that Cramer failed to state a claim upon which relief can be granted. Defendants' argument is straightforward:

Cramer's complaint alleges Defendants violated the Plan by "asserting" a subrogation claim, but the Plan's subrogation provision prohibits enforcement, not assertion of such a right, prior to her being made whole.

On December 3, 2010, United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendation on Defendants' motions. Judge Lynch found that an assertion of an equitable subrogation lien is distinct from the enforcement of such a lien, and Defendants' alleged actions did not amount to enforcement. Accordingly, he recommended granting the motions to dismiss. Cramer timely objected and is therefore entitled to de novo review of those portions of the Findings and Recommendation to which she objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendation in full. The parties are familiar with the factual background of this case, so it will not be restated here.

Cramer brings two objections. First, she insists Judge Lynch incorrectly determined that Defendants' actions did not constitute enforcement of the subrogation claim. Relying on a dictionary definition, she notes "enforce" means

"to compel observance of or obedience." Pl.'s Objections (dkt #53 at 3). She contends Defendants' sending a "notice of subrogation claim" to the auto insurer and letters to her counsel amounts to enforcement. The objection comes up short. As Judge Lynch explained, Defendants' letters to counsel "reflect an ongoing discussion as to whether Cramer had been made whole, and whether the Defendants would have the right to subrogate against Cramer's recovery from [the auto insurer]." Findings and Recommendation at 32 (dkt #52). As for the letter to the auto insurer, it only provided "notice" of subrogation and included no lien. Cramer persists, and argues that providing such notice achieves the same result as enforcing it: the proceeds are not distributed until the claim has been satisfied. Prudent action, however, is not the same thing as "compelled . . . obedience." I agree with Judge Lynch that Cramer's expansive reading of the word "enforced" is unreasonable.

Second, Cramer objects that the natural extension of Judge Lynch's findings is "plaintiff's counsel can now ignore the routine notice of subrogation sent in cases like this, safe in their knowledge that these notices have no legal effect." Pl.'s Objections at 6. This collateral objection misses its mark. Even though a notice of subrogation is not an enforcement of a subrogation claim, prudent counsel will still consider what could happen in a future enforcement action.

I find no clear error in Judge Lynch's remaining findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #56) is adopted in full.

IT IS FURTHER ORDERED that Defendants' motions to dismiss (dkt ## 31, 33) are GRANTED, and Defendants' motion to deny class certification (dkt #38) is DENIED as moot.

Dated this 4th day of February, 2011.

Donald W. Molloy, District Judge
United States District Court